## PETRE AND HADDEN ads. THE STATE.

1. Where the personal property of the wife is used in the household with her assent, it may, in an indictment for larceny, be laid, either in her or her husband, she, in such case, having the general title, and the husband a qualified possession.
2. A bill of exceptions, founded on the refusal of a judge to charge a certain specified proposition, must show either that there was a refusal to charge upon the point at all, or what the charge upon such point was.

This was a writ of error to the Hudson Quarter Sessions. The indictment was for larceny, and laid the property in one Michael Martin. The evidence showed that the property belonged to Jemima Martin, the wife of the said Michael. It consisted of furniture which was in use in the family. The house in which this property was at the time of the theft, was also the property of the wife. When the house was entered and the larceny committed, Michael Martin and his wife and family were absent. The house and furniture had been left in the care of a Mr. and Mrs. Ferris, and Mrs. Martin testified that she had made the arrangement with them with respect to the custody of the property. The family left these premises in October, and in the following April, before the perpetration of the larceny, Mr. Martin went to the house, in order to show it to a person who wanted to rent it. These facts were proved by Mr. Martin and his wife. On the part of the state, several other witnesses were examined.

When the prosecution rested, the counsel of the defendants insisted that they were entitled to their discharge, and accordingly moved for their discharge. The refusal of this motion formed the subject of the first bill of exceptions.

At the close of the case, exceptions were taken to the refusal of the court to charge various propositions as law, to the jury.

Argued at February Term, 1871, before BEASLEY, CHIEF JUSTICE, and Justices BEDLE, DALRIMPLE, and DEPUE.

For plaintiffs in error, *C. H. Winfield.*

For the state, *A. Q. Garretson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The object of the several bills of exceptions in this case appears to be to obtain the opinion of this court whether, in view of certain admitted facts, it was proper to allege in this indictment, that the articles stolen were the property of Michael Martin.   This person and his wife, Jemima Martin, were examined as witnesses, and stated certain facts relative to the ownership and possession of the property in question; and on the part of the defence, it is insisted that it thus appears that both the ownership and possession, at the time of the theft, were in the wife, and that, consequently, there was no proof to sustain the allegation of title in the husband.   But this position is founded on an assumption that is not warranted by the facts as they appear upon the record.   The difficulty is, that it is not shown that the facts testified to by the husband and wife are the only facts respecting the ownership of this property which were before the jury.   The first bill of exceptions recites the evidence of Mr. Martin and his wife; it also states that several other witnesses, who are named, were examined on the part of the prosecution.   What the subject, or the purport, of this evidence was, is not shown.   Under such circumstances, therefore, it is impossible for this court to assume that none of this undisclosed testimony related to the question of the ownership of the property which had been stolen.   In order to raise the question discussed in the briefs of counsel, it was indispensable, either that all the evidence should have been set forth, *in extenso,* in this bill of exceptions, or that it should have been stated that none of it applied to the point of title, except that which is recited.   This has not been done, and the consequence is, the defendant could not have prevailed, even though the grounds of his exceptions, arising from the

hypothetical case contained in the brief of counsel, were well taken.

But there are also other obstacles which seem to me insurmountable. The question which the court is asked to decide has not been properly presented. The case stands before the court in this form:

When the state rested, the counsel of the defendants insisted that the court should order the discharge of his clients, on the ground that the evidence did not sustain the allegations of the indictment. This position is manifestly untenable. The court cannot non-suit the state. A bill of exceptions ought not to have been signed, founded on this ground.

After the case had been rested on both sides, the court was asked, in behalf of the defence, to state to the jury certain propositions, which were claimed to be legal rules, applicable to the case. Five of these propositions the court rejected; and each of them seems to me to be either inadmissible as law, or inapplicable to the case. The first of these disallowed specifications was in the words following, viz.: "*First.* That under the laws of this state, a married woman may hold property as if she were a single woman, and if the property so held be stolen, the indictment must allege the ownership in her, and any different allegation of ownership, if contradicted by the proof, will be fatal, and the defendants must be acquitted."

That this, as a legal proposition, is erroneous, appears to me to be entirely clear. It assumes that a married woman, unlike every other owner of property, cannot make a bailment of it. If she can legally part with the temporary possession of it, then it is not true that the indictment must allege the ownership in her. It would have been a misdirection to have charged in this particular, as requested.

"*Second.* That if the jury believe, from the evidence, that the house and furniture belong to Jemima Martin, and that she and her husband, Michael Martin, were living there, though temporaily absent, the possession was in Jemima Martin."

This is akin to the previous proposition, and is objectionable on the same ground. It does not necessarily follow, that because a wife owns the furniture in the house in which she and her husband are living, that during a temporary absence the wife remains in possession. It is obvious, that during such absence, she may put the husband into the actual possession of the property.

"*Third.* That the trespass committed in the alleged larceny was upon the property and possession of Jemima Martin, and she only would be entitled to damages for such trespass."

This requisition called upon the court to settle the matter of fact that the property, and possession of the stolen property, was in Jemima Martin; and this was, incontestibly, the province of the jury. Besides, the court could not properly be required to explain to the jury the possession which will sustain a trespass, and who would be entitled to damages, under the facts in proof in that form of action. This was an abstract question, having, at the best, but an analogy to the case on trial.

"*Fourth.* That unless the proof shows that the wife received directly, by way of gift from the husband, the property mentioned in the indictment, it was hers, and not the property of her husband; that the presumption, in the absence of proof, is in favor of the absolute ownership by the wife."

An attempt appears to be here made to draw a distinction between a gift coming directly from the husband, and such gift coming from the same source by indirect derivation. I cannot perceive the principle for such a distinction, nor the application of such a distinction to the case. Nor is it understood how "the presumption, in the absence of proof, is in favor of the absolute ownership of the wife."

"*Fifth,* and lastly. That the reason of the common law why the ownership could not be laid in the wife, is done away with by the statute which permits her to hold property, and that when the reason of the law fails, the law itself fails."

This proposition involves a mere generality, which could not possibly have any practical bearing on the case. There

was no dispute that the statute authorized the married woman to hold property in her own right and whether or not that fact abolished the "reason of the old law why the ownership could not be laid in the wife," was a matter of no importance to the trial of this indictment.

I think, from the foregoing statement of these specifications of rules of law, which the court was requested to place before the jury, it is apparent that none of them involves the point which, as I have stated, is mooted and discussed in the briefs which have been placed in our hands. But they are all informal and insufficient in another respect, that is to say, they do not show either that the judge refused to charge on the points embraced in the propositions, or what the charge upon such points, in fact, was. A refusal of the court to adopt the words of counsel, and to charge in a specified formula, is no error in any case; and the consequence is, that when the point specified is put to the jury, under instructions, such instructions must be set forth in the bill of exceptions. In other words, when a particular matter of law is explained to the jury, a misdirection must be shown, or there can be no reversal. Where there is a refusal to charge at all on a point that is involved in the case, such refusal is, in itself, an error in law. But in the present instance, it does not appear that the judge refused to charge, with respect to any one of the propositions above set forth, and it was therefore indispensable for such instructions to be spread on the face of the bill of exceptions. All the precedents are in this form; and the rule in question is an important one in practice. It very often happens that a judge will refuse to state the law in the words suggested to him by counsel, and prefers to put the law of the point before the jury in his own way, and with such amplifications or exceptions as he deems advisable. Such a course is a technical refusal to charge in the prescribed form; and yet, the rule of law, as stated, may be, in its effect in the case, equivalent to the charge as requested. And hence the propriety of the actual instructions being made to appear. At all events, such has been, it is believed, the invariable re-

quirement of the courts, whenever the question has occurred. The rule was enforced, in its utmost rigor, in the important case of *McAlpine* v. *Mangnall, 3 Man., Gran. & Scott* 497. In this case it appeared that the judge, at the trial, had refused to charge the jury in the manner requested, but the bill of exceptions did not show what the charge, on the points in question, was ; and Baron Parke, in the course of his remarks, says : " We are all of opinion that the form in which the exceptions in this case are taken, precludes us from giving judgment for the plaintiff in error, even if we should think the argument urged in his behalf well founded.   It is misdirection, and not non-direction, that is the proper subject of a bill of exceptions."

It is clear, then, that without a violation of this settled course of practice, we cannot on this occasion, hearken to the objections to the proceedings on the trial made in behalf of these defendants.

It may, however, be satisfactory for me to state that I have looked into the questions arising out of the ground assumed in the briefs of counsel, and that I am of opinion that the point relied on by the defence is not well founded.   After reflection, and an examination of analogous cases, I am of opinion that whenever the property of the wife is, in the ordinary way, in the use of the husband and his family, such property, in an indictment for larceny, may be laid either in the husband or in the wife, at the pleasure of the pleader. The general title is in the wife, and the right to immediate possession when required, and hence it is clear that the title may be said to be in her.   So far, by force of the acts relating to married women, her separate existence must be recognized by the courts of common law.   And when the title and the possession are both in her, the title can be laid only in her. This point was so held in a case in which the spectacles of a married woman were stolen.   *Com.* v. *Martin,* 1 *Am. L. Reg.* 434.   But in case the married woman puts her property in use in the family of her husband, such acts give the husband, who is still the head and master of the household, such a

possession as will warrant the allegation of title in him. Under these circumstances the wife does not part with the general right of possession, but with the qualified right of possession, which she can put an end to at will. But this qualified right in the husband is clearly sufficient, if it exists, as I think it does, to support the averment in the pleading, of ownership in him. One of the English judges thus lays down the general rule on this subject, viz. : " If the owner parts with the right of possession for a time, so as to be deprived of the legal power to resume the possession during that time, and the goods are stolen during that time, they cannot be described as the goods of such owner ; but if the owner parts with nothing but the actual possession, which he can resume when he thinks fit, the goods may be described either as his or his bailee's." 2 *Russ. on Crimes* 90. And it is the naked possession here described which, I think, passes to the husband as the master of the household, when the property of the wife is, with her assent, used in common by the family. The case is not unlike that when clothes and other necessaries are provided by parents for their children under age, in which condition of things it is the admitted rule that the property may be laid either in the child or parent. 2 *East P. C., chap.* 16, § 91, *p.* 654. *Haye's case*, 12 *Rep.* 112.

If, therefore, nothing had appeared further than the fact of a common user in the family of Michael Martin, of these articles in question, I should have been of the opinion that the pleader had the right to describe him, in the indictment, as the owner. But, even if this view was extreme, and might be subject to doubt, still, in the present case, there were certain facts which would have required the case to go to the jury, with respect to the possession as a matter of fact. Among such facts was the circumstance that this property was, at the time of the larceny, in the custody of an agent. It is true that the wife made the arrangement with this agent ; but it does not necessarily follow that in that transaction she was not acting as the representative of her husband. Indeed this would seem to be the fair presumption, as it was an act done

in the course of the domestic economy, and for the expense of which the husband would have been liable. There is also the additional circumstance, that after the house had been vacant some time, the husband, apparently *in suo motu*, showed a person through it, with the purpose of letting it to him. From these circumstances the jury, as it seems to me, would have had the right to draw the inference that the husband had the actual possession of the articles stolen.

But, as I have already said, this question is not properly before the court.

On account of the imperfections in the bill of exceptions, above stated, the judgment should be affirmed.

Judgment affirmed.